IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ZANIO, | ) | |
| | ) | Plaintiff Demands Trial by Jury |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| DETECTIVE BILL CAPONIGRO and PROSPECT HEIGHTS | ) | Judge: |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, ROBERT ZANIO, by and through his attorney, SCOTT T. KAMIN, with THE LAW OFFICES OF SCOTT T. KAMIN, of counsel, and complaining against Defendants DETECTIVE BILL CAPONIGRO and PROSPECT HEIGHTS states as follows:

### JURISDICTION

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

### VENUE

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief individual defendants reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff ROBERT ZANIO ("Plaintiff or ZANIO") was, at all times relevant to this action, a resident of Cook County and a substitute teacher.

6. Defendant DETECTIVE BILL CAPONIGRO ("CAPONIGRO") was, at all times relevant to this action, employed by the Prospect Heights Police Department as a detective.

7. Defendant PROSPECT HEIGHTS is a municipal subdivision located in the Northern District of Illinois.

8. Defendant CAPONIGRO is sued in his individual capacity.

## FACTS

9. On December 16, 2016, Defendant CAPONIGRO arrested and charged Plaintiff with the crime of Obscenity in violation of Illinois law.

10. Defendant CAPONIGRO lacked probable cause, either for the arrest or prosecution of Plaintiff. Defendant CAPONIGRO learned that the Plaintiff's minor daughter had walked into Plaintiff's bedroom and witnessed him naked in bed, that she had walked into the bathroom and witnessed the Plaintiff naked while using the facilities, and that she had seen through Plaintiff's underwear.

11. In the misdemeanor complaint he signed, Defendant CAPONIGRO claimed that the above conduct amounted to the Plaintiff "expos(ing)" his penis to his 8-year-old daughter.

12. When making the arrest and signing the criminal complaint, Defendant CAPONIGRO knew that Plaintiff and his ex-wife were in a custody battle.

13. Plaintiff was released on his own recognizance, and the case against him was nolle prossed on August 31, 2017.

14. However, as a result of the arrest and prosecution, Plaintiff lost his job as a substitute teacher, spent thousands of dollars on counsel defending against the charges, was required to appear in court fourteen times and suffered emotional damages.

## COUNT I
## UNREASONABLE SEIZURE AGAINST DEFENDANT CAPONIGRO

15. Plaintiff restates and realleges all the statements made in paragraphs 9-14 of the Complaint as though fully stated therein.

16. Defendant CAPONIGRO violated Plaintiff's right to be free from unreasonable seizure when he arrested and charged Plaintiff for Obscenity without probable cause.

17. As a result of Defendant CAPONIGRO's unreasonable seizure, Plaintiff suffered pecuniary and emotional damages.

## COUNT II

### MALICIOUS PROSECUTION AGAINST DEFENDANT CAPONIGRO

18. Plaintiff restates and realleges all the statements made in paragraphs 9-14 of the Complaint as though fully stated therein.

19. When Defendant CAPONIGRO prosecuted Plaintiff for Obscenity without probable cause but with an intent to affect the Plaintiff's custodial proceedings in family court, Defendant did so maliciously.

20. As a result of this malicious prosecution, Plaintiff suffered pecuniary and emotional damages.

# COUNT III
# CLAIM UNDER 745 ILCS 10/9-102
# AGAINST DEFENDANT PROSPECT HEIGHTS

1. Plaintiffs restate and reallege all the statements made in paragraphs 9-14 of this Complaint as though fully set forth herein.

2. Defendant PROSPECT HEIGHTS was, at all times material to this Complaint, the employer of Defendant CAPONIGRO.

3. Defendant CAPONIGRO committed at least some of the acts alleged above in the scope of his employment as an employee of Defendant PROSPECT HEIGHTS.

WHEREFORE, Plaintiff, by and through his attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, request judgment against Defendants CAPONIGRO and PROSPECT HEIGHTS, on each and every claim and as follows:

A. That Defendants be required to pay Plaintiff general damages in a sum to be ascertained at a trial of this matter,

B. That Defendants be required to pay Plaintiff special damages,

C. That Defendant(s) be required to indemnify the individual Defendants,

D. That Defendants be required to pay Plaintiff her attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

E. That the individual defendants be required to pay Plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

F. That Defendants be required to pay Plaintiff the costs of the suit herein incurred, and

  G. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: August 29, 2018

Respectfully Submitted<br>
<u>/s/ Scott T. Kamin</u><br>
Attorney for Plaintiff

Scott T. Kamin  
Law Offices of Scott T. Kamin  
53 W. Jackson Blvd, Suite 1057  
Chicago, IL 60604  
(312) 322-0077  
Ill. Attorney No.: 6226855  
scotttkamin@aol.com